a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ARAFAT AHMED #A220-483-420, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00739 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Pro se Petitioner Arafat Ahmed ("Ahmed") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking his release from detention. Ahmed is in the custody of Immigration and Customs Enforcement ("ICE"), housed at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Ahmed's Petition, which is deficient for his failure to submit the filing fee or a properly completed application for leave to proceed *in forma pauperis* (ECF No. 11)*,* contains a request that he not be transferred "out of the jurisdiction of the ICE New Orleans Field Office Director" during the pendency of these proceedings.

Because Ahmed provides no legal justification to enjoin ICE from moving him to another facility, the Motion should be DENIED.

## I.  Background

Ahmed seeks a release from custody due to chronic health conditions. ECF Nos. 1, 10. He asks that ICE be enjoined from transferring him while the § 2241 Petition is pending. ECF No. 10.

## II.    <u>Law and Analysis</u>

Ahmed essentially seeks a temporary restraining order, enjoining the Government, without notice or an opportunity to respond, from transferring Ahmed to certain facilities.  Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

Ahmed has not submitted an affidavit or verified complaint as required by the Federal Rules of Civil Procedure.  Additionally, Ahmed does not allege that any immediate or irreparable injury, loss, or damage would occur if he was transferred from WCC.

Ahmed's physical presence in this district is not required for the adjudication of his Petition.  Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner.  *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).  Therefore, the transfer of Ahmed out of the Western District of Louisiana would not destroy the Court's jurisdiction over his habeas claim.

Additionally, § 2241 petitions are regularly adjudicated on the briefs without the need for in-person hearings.  And because Ahmed is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Finally, claims regarding prison transfers are generally not cognizable under § 2241.  *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer).  There is no protected liberty interest in being housed in a particular facility.  *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

## III.  Conclusion

Because Ahmed does not allege that he faces any immediate and irreparable injury, loss, or damage if he is transferred outside of the district, and he provides no legal justification to enjoin ICE from moving him to another facility, IT IS RECOMMENDED that Ahmed's Motion to prohibit his transfer from Winn be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 18, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE